## UNITED STATES v. PHILADELPHIA & R. RY. CO.

(District Court, E. D. Pennsylvania.   May 11, 1915.)

No. 2846.

1. CARRIERS ⬤⟞37—TRANSPORTATION OF ANIMALS—STATUTES.

The purpose of Act June 29, 1906, c. 3594, 34 Stat. 607 (Comp. St. 1913, §§ 8651–8654), prohibiting carriers in interstate commerce from confining animals in cars longer than a specified period without unloading for rest, water, and feed, and providing that animals so unloaded shall be properly fed and watered, is to make sure that animals confined in cars shall not go without feed and water and rest for more than the specified time, and the duty of complying with the act is placed on the carrier; but the duty imposed on a carrier is imposed on it in its relation as carrier to the shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 95, 927; Dec. Dig. ⬤⟞37.]

2. CARRIERS ⬤⟞37—TRANSPORTATION OF ANIMALS—STATUTES.

A contract for the shipment of live stock called for delivery at a town, but practice required delivery at the consignee's private unloading chute. The carrier placed cars in unloading position at the chute, and notified the consignee thereof, nearly two hours before the expiration of the time limit prescribed by Act June 29, 1906; but the stock was not unloaded until nearly three hours overtime.   The carrier had no reason for believing that the animals would not be unloaded until after the time limit.   *Held*, that the carrier's responsibility as such for the shipment terminated within the time limit, and it did not knowingly and willfully fail in performing the statutory duty.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 95, 927; Dec. Dig. ⬤⟞37.]

Action for a penalty by the United States against the Philadelphia & Reading Railway Company.   Judgment for defendant.

Robert J. Sterrett, Asst. U. S. Atty., and Francis Fisher Kane, U. S. Atty., both of Philadelphia, Pa., for the United States.

Wm. Clarke Mason, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.   This case is one of an action for the imposition of a penalty under the provisions of the act of Congress of June 29, 1906.   By agreement it was heard by the court without a jury.   The actual facts are not in controversy.   The differences of the parties arise out of the inferences to be drawn from those facts and the conclusions of law which flow from the ultimate facts found.   Without other classification the questions involved may be thus formulated:

(1) Had the responsibility of the carrier for the shipments ended before the violation of the law began?

(2) Did the defendant knowingly and willfully fail in the performance of its statutory duty?

[1, 2]  A statement of the conditions of duty and fact involved will give us a helpfully clarifying view of the proper answers to these questions.   The purpose of the act of Congress is to make sure that cattle confined in cars shall not go without water, etc., for more than

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

36 hours. The duty of seeing to compliance with this requirement is placed upon the carrier. The shipment here consisted of 142 hogs, consigned by Zimmer Bros., of Buffalo, N. Y., to Louis Burk, at Philadelphia. The defendant company received the consignment and transported the hogs over its line from South Bethlehem in car M. S. C. 10818. The time limit began at 5 o'clock p. m. May 13, 1913, and the car was placed in unloading position at the unloading chute of the consignee and the consignee duly notified at 3:08 o'clock a. m. May 15th. This was nearly 2 hours before the expiration of the time limit. The hogs were in fact, however, not unloaded until 7:40 o'clock a. m., 2 hours and 40 minutes overtime. The track is one of a network of tracks in defendant company's yard, but goes to the private stock barn of this consignee, and is used exclusively for shipments to him. The defendant company had no notice or intimation or reason for expectation that the hogs would not be unloaded until after the time limit, beyond the fact that the consignee's place was closed from 6 p. m. to 6 a. m. The contract of shipment called for delivery at Philadelphia. It was the practice to deliver as this delivery was made.

These facts call for an answer to each of the questions raised exonerating the defendant. Such a construction should be given the act of Congress as that evasion of the duties imposed upon carriers shall not interrupt its enforcement. The rights of defendant, however, cannot be ignored or overridden. The duty is imposed upon railroads in their relation as carriers to the shipments. There is neither justice nor sound policy to be served in extending the period of the responsibility of the carrier beyond the time of delivery, where there is time left after delivery to unload, and the carrier has neither notice nor reasonable ground of expectation that the cattle will not be cared for as the act of Congress requires. There is no occasion for special findings in this case.

Judgment is rendered in favor of defendant by the dismissal of the proceedings against it.